THE STATE, EX REL. PATRICK POWELL, PROSECUTOR,
v. THE BOARD OF CHOSEN FREEHOLDERS OF THE
COUNTY OF CAMDEN.

Where the board of freeholders of a county have, under the provisions of *Gen. Stat.*, *p.* 2099, § 3, which provides that the said board shall fix the fees and expenses of a morgue-keeper, passed a resolution that "the morgue-keeper shall perform such duties as are provided by law, and shall receive a salary of $500 per annum, payable quarterly by the county collector," and the keeper for several years is paid and accepts such salary, he cannot then claim that the fees and expenses which the law allows him have not been paid by the county.

---

Rule for *mandamus.*

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the relator, *Albert De Unger.*

Contra, *Henry S. Scovel* and *Thomas B. Hall,*

PER CURIAM.

The relator asks for a *mandamus* to compel the defendant, the board of freeholders of the county of Camden, to fix his fees and expenses, as keeper of the morgue of that county, for the recovery and care of the bodies of the unknown dead during his term of office.

The act relative to morgues and morgue-keepers provides that the fees and expenses of morgue-keepers for the recovery and care of the bodies of the unknown dead shall be fixed by the board of freeholders and paid by the county collector. *Gen. Stat.*, *p.* 2099, § 3. And this is the only provision for compensation for the duties performed by them, except that they are entitled to a burial fee not exceeding $10 in each case. *Id.*, *p.* 2100, § 6.

Under the color of the provision of the act requiring boards of freeholders to fix the fees and expenses of morgue-keepers, the defendant, in 1887, passed a resolution that "the morgue-keeper shall perform such duties as are provided for by law, and shall receive a salary of $500 per annum, payable quarterly by the county collector." From the time of the passage of this resolution in 1887 until the expiration of relator's term of office in 1893, he "performed such duties as are provided by law," and received the annual salary of $500 fixed by the resolution.

The only ground upon which the payment and acceptance of this salary can be accounted for, is upon the theory that it was paid and accepted in satisfaction of the fees and expenses which he was entitled to receive for the performance of those duties which the law imposed upon him. He was not entitled to it except for the performance of those duties, and having accepted it he cannot now, with seven years' salary in his pocket, successfully claim that the fees and expenses which the law allows him have not been paid by the county.

The *mandamus* should be denied, with costs.